# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES DEAN RAYMOND,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>    Respondent. | No. C17-0089-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

This matter is before the court on the respondent's motion to dismiss (docket no. 4) the petitioner's application for a writ of habeas corpus as untimely ("motion to dismiss"). On July 25, 2017, the petitioner filed an application for a writ of habeas corpus (docket no. 1).[2] On November 20, 2017, the respondent filed the instant motion

---

[1] The petitioner originally filed this case against the State of Iowa. The proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). The petitioner is housed at Anamosa State Penitentiary in Anamosa, Iowa. William Sperfslage is the warden at Anamosa State Penitentiary. Accordingly, the clerk of court is directed to update the respondent in this case to William Sperfslage.

[2] The court uses the date most favorable to the petitioner. The petitioner signed his application for a writ of habeas corpus on July 25, 2017, and the clerk's office filed it on July 28, 2017. *See* Fed. R. App. P. 4(c) (outlining the prison-mailbox rule); *Nicholos v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("[A] pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to

(continued…)

to dismiss (docket no. 4). The petitioner did not file a resistance to the motion to dismiss. The court now considers whether the petitioner's application for a writ of habeas corpus is time-barred under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## II. BACKGROUND

### A. Conviction

On November 1, 2006, a jury found the petitioner guilty of first degree murder.[3] *State v. Raymond*, No. 02341, FECR019077 (Floyd County Dist. Ct. Nov. 1. 2006). On December 18, 2006, the Iowa District Court for Floyd County ("Iowa District Court") sentenced the petitioner to life imprisonment without the possibility of parole. *State v. Raymond*, No. 02341, FECR019077 (Floyd County Dist. Ct. Dec. 18. 2006).

### B. Direct Appeal

On January 16, 2008, the Iowa Court of Appeals affirmed the petitioner's conviction. *State v. Raymond*, 746 N.W.2d 278 (Iowa Ct. App. 2008). The Iowa Supreme Court denied further review on March 28, 2008. *State v. Raymond*, No. 06-2059 (Iowa Ct. App. Mar. 28, 2008). On April 1, 2008, procedendo issued.[4] *State v. Raymond*, No. 06-2059 (Iowa Ct. App. Apr. 1, 2008).

---

prison authorities for mailing to the clerk of the court."), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).

[3] Iowa state court criminal and civil records may be accessed online at: https://www.iowacourts.state.ia.us/ESAWebApp//SelectFrame. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[4] In Iowa, "procedendo" is similar to the "mandate" in federal courts, and once it has issued, the jurisdiction of the issuing court ceases. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014) (citing *In re M.T.*, 714 N.W.2d 278, 281-82 (Iowa 2006)).

2

### C. First State Post-Conviction Relief Action

On November 8, 2008, the petitioner filed an application for post-conviction relief. *See Raymond v. State*, No. 02341, PCCV029174 (Floyd County Dist. Ct. Nov. 8, 2008). Following a bench trial, the Iowa District Court denied the petitioner's application for post-conviction relief on May 29, 2012. *See Raymond v. State*, No. 02341, PCCV029174 (Floyd County Dist. Ct. May 29, 2012). On June 21, 2012, the petitioner appealed. *Raymond v. State*, No. 12-1174 (Iowa Ct. App. June 21, 2012). On August 21, 2013, the Iowa Court of Appeals affirmed the Iowa District Court's denial of the petitioner's application for post-conviction relief. *Raymond v. State*, 838 N.W.2d 870 (Iowa Ct. App. 2013). The Iowa Supreme Court denied further review on October 17, 2013. *Raymond v. State*, No. 12-1174 (Iowa Ct. App. Oct. 17, 2013). On October 28, 2013, procedendo issued. *Raymond v. State*, No. 12-1174 (Iowa Ct. App. Oct. 28, 2013).

### D. Second State Post-Conviction Relief Action

On March 3, 2014, the petitioner filed a second application for post-conviction relief. *Raymond v. State*, No. 02341, PCCV030419 (Floyd County Dist. Ct. Mar. 3, 2014). On January 6, 2016, the Iowa District Court denied that action following a bench trial. *Raymond v. State*, No. 02341, PCCV030419 (Floyd County Dist. Ct. Jan. 6, 2016) (docket no. 4-2). The court concluded that the petitioner's second post-conviction relief action was time-barred[5] and also rejected the substantive claims on the

---

[5] In concluding that the second post-conviction relief was untimely, the Iowa District Court explained:

> This present action was not filed until March 3, 2014; well outside the three-year deadline of April 1, 2011. The applicant alleges no new grounds of law or fact that would effectively shield him from the three-year time bar applicable in postconviction relief cases. Consequently, both the legal and factual underpinnings of the applicant's current

(continued…)

merits. *See id*. On February 25, 2006, the petitioner appealed the denial of his application for post-conviction relief. *Raymond v. State*, No. 16-0371 (Iowa Ct. App. Feb. 25, 2006). The Iowa Court of Appeals affirmed the denial on May 3, 2017. *Raymond v. State*, 901 N.W.2d 838 (Iowa Ct. App. 2017). The Iowa Supreme Court denied further review on June 27, 2017. *Raymond v. State*, No. 16-0371 (Iowa Ct. App. June 27, 2017). On June 29, 2017, procedendo issued. *Raymond v. State*, No. 16-0371 (Iowa Ct. App. June 29, 2017).

### E. Federal Habeas Corpus Action

On July 25, 2017, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1). On November 20, 2017, the respondent filed the instant motion to dismiss (docket no. 4). The respondent argues that the petitioner's application for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d). The petitioner did not file a resistance to the motion to dismiss.

### III. DISCUSSION

### A. 28 U.S.C. § 2244(d)

Under the AEDPA, applications for habeas corpus relief are subject to a one-year statute of limitations as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[6]

---

postconviction relief action existed and should have been addressed in the first postconviction action, or the appeal of the postconviction action

(docket no. 4-2 at 3).

[6] 28 U.S.C. § 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(continued…)

4

Here, the Iowa Court of Appeals affirmed the petitioner's conviction on January 16, 2008. The Iowa Supreme Court denied further review on March 28, 2008. On April 1, 2008, procedendo issued.[7] As the petitioner did not seek a writ of certiorari from the Supreme Court, the conviction became final 90 days later or on June 30, 2008, the date of the expiration of time for filing a petition for a writ of certiorari with the United States Supreme Court. Thus, the AEDPA one-year statute of limitation

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[7] In the case where a petitioner files an appeal, the date procedendo issues is relevant in determining the date when the conviction becomes final. *Compare Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)) *with Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If [a] defendant stops the appeal process before [the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires.").

started to run on June 30, 2008. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Due to the one-year statute of limitation under 28 U.S.C. § 2254, the petitioner's 28 U.S.C. § 2254 application is only timely if the limitations period was "tolled" for all but a period of less than one year between June 30, 2008, that is, the date that the petitioner's conviction became final, and July 25, 2017, that is, the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, provided that the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

After the petitioner's conviction became final on June 30, 2008, the petitioner properly filed a state post-conviction relief action on November 8, 2008, and procedendo issued with respect to such action on October 28, 2013. The AEDPA one-year limitation period was thus tolled during the first post-conviction relief action period (November 8, 2008 to October 28, 2013). The petitioner filed a second state post-conviction relief action on March 3, 2014, which the Iowa District Court determined was untimely under Iowa law.[8] As such, the AEDPA one-year limitation period was not tolled by the second state post-conviction action. *See Walker v. Norris*, 436 F.3d 1026, (8th Cir. 2006) (making clear that, when an application for post-conviction relief is untimely under state law, it is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002) (explaining that a "properly filed" application is one that meets all of the state's procedural requirements). The petitioner waited until July 25, 2017 to file this action. Given the period of time that elapsed between the date procedendo issued in the first, properly-filed state post-conviction relief action (October 28, 2013) and the date the petitioner filed this action (July 25, 2017), and because the second post-conviction relief action was untimely, it is clear that well over one year passed without any portion of the applicable period being tolled.

Because the one-year time limit contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231

---

[8] Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* Iowa Code section 822.3. Nonetheless, the one-year statute of limitations contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state post-conviction relief application under Iowa Code section 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*).

F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir. 1993)). In the instant case, the petitioner presents no circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

In sum, the petitioner did not file his application for a writ of habeas corpus within the one-year statute of limitation. Because it is clear that 28 U.S.C. § 2244(d) bars the petitioner's action, the motion to dismiss shall be granted.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2254 proceeding before a district judge, "the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." 28 U.S.C. § 2253(c)(1). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure

8

22(b).  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 874 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523.  To make such a showing, a petitioner must demonstrate that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating the applicable standard).

Courts can reject constitutional claims either on the merits or on procedural grounds.  "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raised in the petition.  Because there is no debatable question as to the resolution of this case, an appeal is not warranted.  Accordingly, the court shall deny a certificate of appealability under 28 U.S.C. § 2253.  If the petitioner desires further review of his

28 U.S.C. § 2254 petition for a writ of habeas corpus, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

IT IS THEREFORE **ORDERED**:

(1) The clerk's office is directed to update the respondent in this case to William Sperfslage.

(2) The respondent's motion to dismiss the petitioner's application for a writ of habeas corpus as untimely (docket no. 4) is **GRANTED**.

(3) The clerk's office is directed to enter judgment in favor of the respondent.

(4) A certificate of appealability is **DENIED**.

**DATED** this 30th day of May, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA